IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES RONALD ROBINSON                                                                    PLAINTIFF

v.                                         Case No. 4:07-cv-04066

RANDY BANKS                                                                              DEFENDANT

### MEMORANDUM OPINION

On February 29, 2008, Defendant, Randy Banks, moved for summary judgment against Plaintiff, James Ronald Robinson. (Doc. No. 13). Plaintiff has not filed a timely response to this motion. The parties consented to the jurisdiction of this Court on January 9, 2008. (Doc. No. 10). This matter is ready for decision.

### 1. Background

On July 23, 2007, Plaintiff filed a Complaint against Defendant pursuant to Title VII of the Civil Rights Act of 1964. (Doc. No. 3). On February 29, 2008, Defendant filed his motion for summary judgment claiming he does not qualify as an "employer" under Title VII. (Doc. No. 13). Defendant claims that the term "employer" is limited to a person who has fifteen or more employees, 42 U.S.C. § 2000e(b), and that he has never employed more than nine individuals. Defendant claims that because he is not an "employer" under Title VII, Plaintiff is not entitled to relief against him under Title VII.

Plaintiff was required to respond to this motion by March 14, 2008, but Plaintiff did not file a response to Defendant's Motion for Summary Judgment on that date. On March 25, 2008, this Court, noting that Plaintiff was proceeding *pro se,* entered an Order extending Plaintiff's time to

1

respond to Defendant's Motion for Summary Judgment until April 8, 2008. (Doc. No. 14). In that Order, this Court stated the following: **"Failure of the Plaintiff to respond to the Motion for Summary Judgment may result in Judgment being entered against Plaintiff in this matter."** (Doc. No. 14). As of this date, Plaintiff has not filed a timely response to this motion.

## 2. Applicable Law

Title VII of the Civil Rights Act of 1964 ("Title VII") provides that it is an "unlawful employment practice for an employer–(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2.

The term "employer" is a defined term in Title VII. *See id.* § 2000e(b). Subject to a few exceptions, an "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." *See id.*

## 3. Discussion

Defendant moved for summary judgment claiming Plaintiff is not entitled to relief under Title VII under the facts of this case. (Doc. No. 13). Attached to Defendant's Motion for Summary Judgment is the "Affidavit of Randy Banks." (Doc. No. 13, Ex. 3). In this affidavit, Defendant states that he has owned and operated Randy's Auto Glass and Collision Center in Hope, Arkansas

since 1980. Defendant also states in this affidavit that he has never employed more than nine individuals. Plaintiff has not filed a response to Defendant's Motion for Summary Judgment or otherwise disputed Defendant's claim that he has never employed more than nine individuals.

Based upon this review of the record, this Court finds that Defendant has never employed more than nine individuals and is, therefore, not an "employer" under Title VII. Accordingly, Plaintiff is not entitled to relief against Defendant under Title VII. *See* 42 U.S.C. § 2000e-2.

### 4. Conclusion

Because Defendant is not an "employer" as defined by Title VII and because Plaintiff did not file a timely response to Defendant's Motion for Summary Judgment (Doc. No. 13), Defendant's Motion for Summary Judgment should be, and hereby is, **GRANTED** and Plaintiff's case is dismissed with prejudice. *See* FED. R. CIV. P. 56(e)(2).

**ENTERED this 10th day of April, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE